IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EDGAR WILLIS,<br>    Plaintiff,<br><br>         v.<br><br>NELSON NG,<br>    Defendant. | Civil Action No.<br>1:23-cv-04650-SDG |

**OPINION AND ORDER**

This matter is before the Court on a frivolity review of Plaintiff Edgar Willis's Complaint [ECF 3] pursuant to 28 U.S.C. § 1915(e). For the reasons that follow, Willis's Complaint is dismissed.

**I.   Applicable Legal Standards**

Willis, *pro se*, initiated this suit on October 12, 2023, and was granted leave to proceed *in forma pauperis* for the purpose of allowing a frivolity determination by this Court.[1] An *in forma pauperis* complaint must be dismissed if the Court determines that the case fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim when it does not include enough factual matter to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also id.* at 545 (indicating that, to plead plausible grounds for a claim,

---

[1]   ECF 1; ECF 2.

1

a complaint must allege "enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting the claim); *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1187–88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal"). In conducting a frivolity review, the Court may "pierce the veil of the complaint's factual allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Thus, the Court is not required to accept without question the truth of the plaintiff's pleading.

Because Willis is *pro se*, the Court construes his Complaint leniently and holds the pleading "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and punctuation omitted). But even *pro se* plaintiffs must comply with the applicable laws and rules. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998) (holding that "once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

**II.   Discussion**

Willis asserts causes of action under the Fair Housing Act and the Civil Rights Act for alleged threats, harassment, and discrimination by his landlord (Defendant Nelson Ng) because of Willis's race.[2] The Complaint, however,

---

[2]   *See generally* ECF 3.

provides few details that might support such claims.[3] Willis pleads that he "faced humidity" in his apartment that he reported to Ng but Ng took no action.[4] Willis also alleges that Ng retaliatorily raised the rent and refused to renew the lease, without identifying what Ng was supposedly retaliating for.[5] Finally, Willis asserts that Ng breached the contractual duty of good faith and fair dealing.[6] These threadbare allegations are insufficient to state any claims.

## A.  The Fair Housing Act

The Fair Housing Act (FHA) prohibits the refusal to sell or rent "a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). To prevail on such a claim, a plaintiff must demonstrate "unequal treatment on the basis of race that affects the availability of housing." *Jackson v. Okaloosa Cnty. Fla.*, 21 F.3d 1531, 1542 (11th Cir. 1994). A plaintiff can establish a violation by proving intentional discrimination, discriminatory impact, or a refusal to make a reasonable accommodation. *Bonasera v. City of Norcross*, 342 F. App'x 581, 583 (11th Cir. 2009). Here, however, Willis has not plausibly alleged facts suggesting that Ng (1) failed to remedy the humidity

---

[3]  A page of the Complaint appears to be missing: The paragraphs skip numbers 14 through 16. *Id.* at 4–5.

[4]  *Id.* ¶ 8.

[5]  *Id.* ¶ 9.

[6]  *Id.* ¶ 22.

level in the dwelling, (2) raised the rent, or (3) refused to renew the lease for any reason related to Willis's race, color, national origin, or otherwise. The Complaint does not provide facts that plausibly suggest Willis was treated differently from other residents because of his race or that he was denied any type of reasonable accommodation. Willis has not described any other injury he allegedly suffered because of Ng's conduct that might support a claim under the FHA. Willis has failed to plead more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

### B.   The Civil Rights Act

Willis also asserts a claim under the Civil Rights Act, 42 U.S.C. § 1981.[7] That section provides: "All persons within the jurisdiction of the United States . . . shall have the same right in every State and Territory to make and enforce contracts . . . ." 42 U.S.C. § 1981(a). The statute applies to residential leases. *Long v. Aronov Realty Mgmt., Inc.*, 645 F. Supp. 2d 1008, 1024 (M.D. Ala. 2009) (citing *Marable v. H. Walker & Assocs.*, 644 F.2d 390, 397 (5th Cir. Unit B May 1981)). To make out a *prima facie* case of race discrimination under Section 1981, a plaintiff must allege sufficient facts to show that (1) he is a member of a racial minority; (2) the defendant intended to discriminate against him on that basis; and (3) the

---

[7]   *Id.* at 5.

discrimination concerned one or more of the activities enumerated in the statute. *Kinnon v. Arcoub, Gopman & Assocs., Inc.*, 490 F.3d 886, 891 (11th Cir. 2007) (citation omitted). Willis has not identified any way in which Ng allegedly threatened or harassed him, let alone suggest that such conduct had anything to do with Willis's race. As with the FHA claim, Willis has not alleged facts that raise his allegations above the speculative level. *Twombly*, 550 U.S. at 555–56. The Complaint describes what appear to be commonplace landlord-tenant disputes. Although Willis speculates that those problems arose because of his race, he has not pleaded sufficient facts to support the inference he wants the Court to draw. None of the allegations provide a basis to conclude that Ng intended to discriminate against Willis because of Willis's race.

### C. Breach of Contract and Good Faith and Fair Dealing

Under Georgia law, for a plaintiff to establish a breach of contract claim, he must show "(1) an enforceable agreement, (2) breach of that agreement, and (3) damages as a result of that breach." *Reindel v. Mobile Content Network Co., LLC*, 652 F. Supp. 2d 1278, 1287 (N.D. Ga. 2009) (citing *Broughton v. Johnson*, 247 Ga. App. 819, 820 (2001)). The Complaint does allege the existence of a contract—a two-year lease agreement. But how that agreement might have been breached is unclear. The Complaint says that Ng unlawfully evicted Willis for "racially and retaliatory discriminatory purposes" but the pleading does not contain facts

supporting that contention.[8] In fact, Willis elsewhere contradicts that allegation by claiming that Ng refused to *renew* the lease.[9] Nowhere does the Complaint explain how such a refusal violated the lease agreement itself.

The implied covenant of good faith is part of every contract and "requires a party in a contractual relationship to refrain from arbitrary or unreasonable conduct which has the effect of preventing the other party to the contract from receiving the fruits of the bargain." *The Rainmaker Group Ventures v. Bellack*, 354 Ga. App. 847, 851 (2020). But that covenant "cannot be breached apart from the contract provisions it modifies" and it is not an independent basis for liability. *U.S. Bank v. Phillips*, 318 Ga. App. 819, 824–25 (2012) (citation omitted). Willis cannot state a stand-alone claim for breach of the implied duty. And he has not sufficiently pleaded an actual breach of contract. Without a viable breach-of-contract claim, Willis cannot state a claim for breach of the implied covenant of good faith.

## III.   Conclusion

Because Willis has failed to state a claim, his Complaint must be dismissed as frivolous under 28 U.S.C. § 1915(e). However, when a *pro se* plaintiff may be able to correct the deficiencies in his pleading, he should be given the opportunity to replead. *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020);

---

[8]   *Id.* ¶ 22.

[9]   *Id.* ¶ 9.

*Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1292 (11th Cir. 2018). Accordingly, **Willis may file an amended complaint on or before November 18, 2024**. In repleading, Willis must, among other things: (1) set forth a specific, cognizable injury for a violation of the Constitution, a statute, or the common law; and (2) allege facts that plausibly support each of the elements of each cause of action asserted. A failure to timely replead, or to replead consistent with this Order, may result in dismissal of this action with prejudice.

In the interim, the Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 17th day of October, 2024.

_____
Steven D. Grimberg
United States District Judge